**KEARNEY & TRECKER CORPORATION, Plaintiff,**

v.

**GIDDINGS & LEWIS MACHINE TOOL COMPANY, Defendant.**

**Nos. 66-C-360, 67-C-113.**

United States District Court
E. D. Wisconsin.

May 29, 1968.

---

Quarles, Herriott, Clemons, Teschner & Noelke, Milwaukee, Wis., for plaintiff.

Foley, Sammond & Lardner, Milwaukee, Wis., for defendant.

## DECISION ON MOTIONS

MYRON L. GORDON, District Judge.

This lawsuit represents the consolidation of a patent infringement suit (66-C-360) and a declaratory judgment action (67-C-113). By stipulation and order dated September 1, 1967, Kearney & Trecker is denominated the plaintiff; Giddings & Lewis the defendant.

The plaintiff has instituted a patent infringement suit against the defendant for the latter's alleged infringement of the plaintiff's U. S. Letters Patent No. Re.-Re. 25,737. The defendant seeks declaratory relief adjudging the patent to be invalid, not infringed, and not enforceable against it.

The case is presently before the court on the defendant's motion for summary judgment on the defense of license; in the alternative, the defendant seeks an order granting a prior and separate trial on that defense.

The plaintiff charges the defendant with infringement of its "Brainard" patent. The latter patent deals with a machine tool with a mechanical cutting tool changer, which is a mechanism whereby drills or other cutting tools are automatically changed as the machine tool performs different operations on a piece of work.

Under its defense of license, the defendant claims that its tool changer equipment is expressly licensed under the earlier "Morgan" patent, the terms of which are said to preclude any restriction of such license. The defendant also contends that it has an "implied license" under "so much of the Brainard * * * patent as overlaps the Morgan patent, and the plaintiff is estopped from asserting any of the Brainard * * * claims to cover what was earlier licensed."

The defendant deals in "numerically controlled" machine tools equipped with an automatic tool changer. This means that the machine tool is automatically operated from a program of magnetic tapes, punched cards, etc. The defendant's right to handle such machines is said to stem from a written license agreement, dated May 24, 1960, between the defendant and IBM Corp., the prior owner of the Morgan patent. The Morgan patent was issued on September 1, 1959,

and the original Brainard patent was issued on September 4, 1962, citing the Morgan patent as prior art. On or about April 1, 1963, IBM assigned the Morgan patent to the plaintiff, "subject, however, to * * * licenses * * *." The plaintiff acknowledges that its ownership of the Morgan patent does not allow it to interfere with the defendant's right to make, use or sell machines under the Morgan license.

The defendant claims that it is doing nothing more than exercising its rights under the Morgan license. The plaintiff, however, maintains that the defendant applies both the Morgan and Brainard patents with one machine, and relief is sought to the extent that the Brainard patent is being infringed. In reply, the defendant contends that the essence of the Brainard patent is the use of a "coded tool" feature which allegedly reduces the work-time substantially, and that the defendant does not use a coded tool feature in its machines.

If the defendant in fact uses no separate features of the Brainard patent, but, on the contrary, uses only the features of Morgan, under which it is licensed, the license would appear to be an absolute defense. If the defendant in fact practices under Morgan (and Morgan alone), it follows that the defendant's license under Morgan permits it to practice so much of Brainard as overlaps Morgan.

Viewed in this light, the defenses of license and infringement are interrelated and not easily disassociated. The defendant urges that if the court upholds its claim of license, no factual trial will be needed; in my opinion, this would be ill-advised because it is the infringement issue which is the threshold one. By deciding the infringement question, the court will be in a proper position to resolve the claim of license since both matters require that the court know the characteristics of the defendant's practice in relation to the two patents.

There are questions of fact with respect to the issue of infringement, but the disposition of that issue is a necessary concomitant to the license defense. The defendant's motion for summary judgment must be denied. It follows that its request for a prior and separate trial should also be denied.

The plaintiff has requested the license defense be stricken, and the court finds no merit in that application.

It is ordered that the defendant's motions be and hereby are denied.